**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **DANIEL GRANOVETTER AND ORUCH LOWENBEIN**, on behalf of themselves and all others similarly situated. | **CIVIL ACTION NO.** **1:11-cv-01151-SLT-ALC** |
| Plaintiffs, vs. | **ANSWER** |
| **CREDITORS INTERCHANGE RECEIVABLE MANAGEMENT, LLC,** | |
| Defendant. | |

## ANSWER TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT WITH AFFIRMATIVE DEFENSES BY DEFENDANT, CREDITORS INTERCHANGE RECEIVABLE MANAGEMENT, LLC

NOW COMES Defendant, Creditors Interchange Receivable Management, Inc. ("CIRM"), by and through its attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, and in answer to the Amended Class Action Complaint of Plaintiffs, Daniel Granovetter and Oruch Lowenbein, respectfully avers:

### ANSWER TO INTRODUCTION

1. Admitted in part and denied in part. CIRM admits that Plaintiffs have brought the current action pursuant to the Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. §1692a, *et seq*. CIRM denies violating the FDCPA and denies these allegations to the extent they aver any violative conduct on the part of CIRM.

## ANSWER TO PARTIES

2. Admitted. CIRM admits, based on information and belief, that Plaintiffs are citizens of New York who reside within the District.

3. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. CIRM refers all questions of law to the Court.

4. Denied. CIRM denies that its principal place of business is located in or about Buffalo, New York as its corporate offices are located in Cheektowaga, New York.

5. Admitted in part and denied in part. CIRM admits that, at times, it engages in the collection of debt obligations that are owed to others. Unless otherwise admitted, CIRM denies the remaining allegations in this paragraph.

6. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. CIRM refers all questions of law to the Court.

## ANSWER TO JURISDICTION AND VENUE

7. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. CIRM refers all questions of law to the Court.

8. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. CIRM refers all questions of law to the Court.

9. Admitted. CIRM admits that it attempted to recover on valid and delinquent debt obligations, one owed by Plaintiff Granovetter and another owed by Plaintiff Lowenbein to Pay Pal entity, Bill Me Later, Inc.

10. Denied. CIRM denies that the messages left for Plaintiff Lowenbein regarding efforts to locate Plaintiff Lowenbein violated the FDCPA. Strict proof

of the allegations in this paragraph is demanded of Plaintiffs at the time of trial of this matter.

11. Denied. CIRM denies that the messages left for Plaintiff Lowenbein regarding efforts to locate Plaintiff Lowenbein violated the FDCPA. Strict proof of the allegations in this paragraph is demanded of Plaintiffs at the time of trial of this matter.

12. Denied. CIRM denies that the voice mail messages that were left for Plaintiffs Lowenbein and Granovetter were either pre-scripted or pre-recorded. Strict proof of the allegations in this paragraph is demanded of Plaintiffs at the time of trial of this matter.

13. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. CIRM refers all questions of law to the Court.

**ANSWER TO FIRST CAUSE OF ACTION FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT ON BEHALF OF PLAINTIFFS AND THE MEMBERS OF A PROPOSED CLASS**

14. No response is necessary to this paragraph as Plaintiffs simply incorporate foregoing allegations in this paragraph. To the extent that a response is required of CIRM, CIRM incorporates its responses to the foregoing allegations asserted in paragraphs 1 through 13 as though fully set forth herein.

15. Admitted in part and denied in part. CIRM admits that Plaintiffs are attempting to bring their current action alleging violations of the FDCPA on behalf of members of an alleged class of individuals. CIRM denies that a viable

3

class of individuals exists in this matter or that Plaintiff could possibly extend their claims in this matter to a purported class of individuals.

16. Admitted in part and denied in part. CIRM admits that Plaintiff is attempting to define a class of individuals who were left telephonic messages by CIRM, where CIRM did not inform each of these individuals that the calls were from a debt collector. CIRM denies that Plaintiff can succeed with this fatally flawed definition.

17. Admitted in part and denied in part. CIRM admits that Plaintiffs are attempting to define a nationwide class action for individuals who allegedly received a telephonic message from CIRM within one year prior to the date of the filing of the instant Complaint, where such calls failed to disclose that calls were from a debt collector. CIRM denies that a class of individuals has been, or will be, established in this matter and further denies that it violated the FDCPA in any manner in attempting to recover on debt obligations owed by Plaintiffs or any other persons. The remaining allegations in this paragraph constitute conclusions of law and are denied as such. CIRM refers all questions of law to the Court.

18. Denied. CIRM denies that class treatment in this matter is appropriate. CIRM responds to sub-paragraphs (A) through (E) as follows:

    (A) Denied. CIRM denies that the purported class in this matter will satisfy the numerosity requirement of FRCP 23 as Plaintiffs have failed, and will be unable to show, that any other individual received a

4

voice mail message similar to that which each of the Plaintiffs allegedly received from CIRM and which purportedly violated the FDCPA.

(B) Denied. CIRM denies that the putative class of individuals in this matter share any common questions of law or facts and CIRM further denies that it violated the FDCPA in its attempts to collect debt obligations from Plaintiffs or any other individuals.

(C) Denied. CIRM denies that the individual issue in this case is a ministerial issue as to the identification of consumers who received allegedly violative calls. To the contrary, Plaintiffs would need to engage in individual investigations on each and every single call made by CIRM in a one year period from the date of the filing of the complaint on a nationwide basis to determine whether CIRM disclosed that a telephonic message left for a consumer effectively conveyed that the message was from a debt collector. CIRM further responds that it is this very issue that renders class treatment wholly inappropriate, atypical and grossly inferior to individual treatment.

(D) Denied. CIRM denies that Plaintiffs' claims in this matter are typical of any of the putative class members in this matter and further denies that a class can possibly be established in this matter premised on Plaintiffs' proposed definition. CIRM also denies that the claims of Plaintiffs or any purported class members are based on the same or similar facts or legal theories.

(E) Denied. CIRM denies that Plaintiffs will be able to fairly or adequately represent the interests of the purported class of individuals in this matter and further denies that Plaintiffs' counsel is adequate to maintain the legal interests of the individuals involved in this matter. CIRM further denies that Plaintiffs' interests are consistent with any of the members of the purported class in this matter.

19. Denied. CIRM denies that class treatment is superior to individual treatment of claims at issue in this matter and denies that class treatment of the current matter will constitute the most efficient and fair adjudication of this matter. CIRM denies the remaining allegations in this paragraph and leaves Plaintiffs to their respective proofs.

20. Admitted in part and denied in part. CIRM admits that Plaintiffs are seeking to certify a class in this matter pursuant to FRCP 23(b)(3). CIRM denies that class treatment is appropriate in this matter and denies that Plaintiffs will be able to successfully pursue the current action as a class action. CIRM denies the remaining allegations in this paragraph and leaves Plaintiffs to their proofs.

21. Admitted. CIRM admits that the content of telephonic messages is to be evaluated by the reasonable least sophisticated consumer standard who possesses the ability to hear and understand the contents of a communication.

### Answer to Violations of the Fair Debt Collection Practices Act

22. Denied. CIRM denies that its efforts to recover on Plaintiffs' valid and delinquent debt obligations violated the FDCPA. CIRM demands strict proof of the broad allegations in this paragraph from Plaintiffs at the time of trial of this matter.

23. Denied. CIRM denies that it violated the FDCPA in its efforts to collect valid and delinquent debt obligations from Plaintiffs and denies that Plaintiffs, or any members of the purported class of individuals in this matter, are entitled to any award of damages absent any violative conduct on the part of CIRM. CIRM demands strict proof of the damages sought and the allegations in this paragraph from Plaintiffs at the time of trial of this matter.

### ANSWER TO SECOND CAUSE OF ACTION FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT BROUGHT BY PLAINTIFF

24. No response is necessary to this paragraph as Plaintiff Lowenbein simply incorporate foregoing allegations in paragraphs 1 – 10 in this paragraph. To the extent that a response is required of CIRM, CIRM incorporates its responses to the foregoing allegations asserted in paragraphs 1 through 10 as though fully set forth herein.

25. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. CIRM refers all questions of law to the Court. By way of further answer, CIRM denies that it initiated fifteen phone calls to Plaintiff Lowenbein's wireless telephone number using an artificial and/or pre-

recorded voice to deliver messages. Further, CIRM specifically denies that it contacted Plaintiff Lowenbein on his wireless telephone.

26. Denied. CIRM denies that it violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, ("TCPA"). CIRM further denies that it "unleashed" numerous calls to Plaintiff Lowenbein's wireless telephone number using an automatic dialer, predictive dialer, and/or pre-recorded messages. Strict proof of the allegations in this paragraph is demanded of Plaintiff.

27. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. CIRM refers all questions of law to the Court. By way of further answer, denies that it contacted Plaintiff Lowenbein's wireless telephone number using an automated dialer. Strict proof of the allegations in this paragraph is demanded of Plaintiff.

28. Denied. CIRM denies that it failed to state its name in any messages left for Plaintiff Lowenbein. By way of further answer, CIRM denies that it left a pre-recorded message on Plaintiff Lowenbein's wireless telephone.

29. Denied. CIRM denies that it violated the TCPA or called Plaintiff Lowenbein's wireless telephone number. Strict proof of the allegations in this paragraph is demanded of Plaintiff.

30. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. CIRM refers all questions of law to the Court. By way of further answer, CIRM denies that it made any calls to Plaintiff Lowenbein's wireless telephone, and therefore, Plaintiff is not entitled to recover any damages under the TCPA.

31. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. CIRM refers all questions of law to the Court. By way of further answer, CIRM denies that it made any calls to Plaintiff Lowenbein's wireless telephone, and therefore, Plaintiff Lowenbein is not entitled to recover any damages under the TCPA. CIRM further denies that it intentionally and/or recklessly violated the TCPA. Strict proof of the allegations in this paragraph is demanded of Plaintiff.

32. Denied. CIRM denies that it acted maliciously, willfully, recklessly and/or with the desire to harm Plaintiff Lowenbein and/or with done with knowledge that its action would harm Plaintiff Lowenbein or were in violation of the TCPA and/or knew or should have known that its actions were in reckless disregard of the TCPA. Further, CIRM denies that it called Plaintiff Lowenbein on his wireless telephone number using a pre-recorded voice. To the extent the allegations in this paragraph constitute conclusions of law, same are denied. Strict proof of the allegations in this paragraph is demanded of Plaintiff.

### *Answer to Violations of the Telephone Communications Privacy Act*

33. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. CIRM refers all questions of law to the Court. By way of further answer, CIRM denies that its actions were in violation of the TCPA.

34. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. CIRM refers all questions of law to the Court. By way of further answer, CIRM denies that its actions were and/or could be

construed as an intentional violation of the TCPA. CIRM further denies that Plaintiff Lowenbein is entitled to any recovery under the TCPA as CIRM did not contact Plaintiff Lowenbein on his wireless telephone number. CIRM denies that Plaintiff is entitled to any award of damages absent any violative conduct on the part of CIRM. CIRM demands strict proof of the damages sought and the allegations in this paragraph from Plaintiff Lowenbein at the time of trial of this matter.

## ANSWER TO JURY DEMAND

Admitted in part and denied in part. CIRM admits that Plaintiffs seek a trial by jury. CIRM denies that Plaintiffs have a right to a jury trial in the absence of any viable claims.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to plead a claim, under the FDCPA or TCPA, against CIRM upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

In the event that Plaintiffs are able to adequately plead individual claims under the FDCPA, their individual entitlement to statutory damages is capped at $1,000 per action, not per violation. See Goodmann v. Peoples Bank, et al., 2006 US App. LEXIS 31555 (3rd Cir. 2006); Brown v. Law Offices of Butterfield, U.S. Dist. LEXIS 9822 (E.D. Pa. 2004); Dowling v. Kucker Kraus & Bruh, LLP, 2005 U.S. Dist. LEXIS 1100 (S.D. NY. 2005); Mann v. Acclaim Fin Servs, 348 F. Supp. 2d 923 (S.D. Ohio 2004); Ganske v. Checkrite Limited, 1997 U.S. Dist. LEXIS 4345 (D. Wis. 1997); Wright v. Finance Service of Norwalk, Inc., 22 F. 3d

647 (6th Cir. 1994); Harper v. Better Business Services, Inc., 961 F.2d 1561 (11th cir. 1992); Donahue v. NFS, Inc., 781 F. Supp. 188 (W.D.N.Y. 1991); Wiener v. Bloomfield, 901 F. Supp. 771 (S.D.N.Y. 1995); Teng v. Metropolitan Retail Recovery, 851 F. Supp. 61 (E.D.N.Y. 1994); Beattie v. D.M. Collections, Inc., 764 F. Supp. 925 (D. Del. 1991); and Harvey v. United Adjusters, 509 F. Supp 1218 (D. Or. 1981).

## THIRD AFFIRMATIVE DEFENSE

While Plaintiffs seek only statutory recovery, even if CIRM violated the FDCPA, which is denied, Plaintiffs did not incur any actual damages as a result of the alleged conduct of CIRM.

## FOURTH AFFIRMATIVE DEFENSE

Class treatment is grossly inferior to individual treatment in this case.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are not adequate class representatives for this matter.

## SIXTH AFFIRMATIVE DEFENSE

Common questions of law or fact do not overweigh the individual issues and preclude class treatment in this matter.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are atypical of the prospective classes' claims. The claims of Plaintiffs are not typical of the classes' claims.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs class claims lack requisite numerosity.

**NINTH AFFIRMATIVE DEFENSE**

Any violation of the Fair Debt Collection Practices Act by CIRM, which CIRM denies, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

**TENTH AFFIRMATIVE DEFENSE**

Even if the TCPA would be deemed applicable to debt collectors, the FCC has limited the applicability of the TCPA to debt collection calls made to wireless telephone numbers. As all calls made to Plaintiff Lowenbein were made to a landline, the TCPA is inapplicable.

The FCC is empowered by Congress to issue declaratory rulings under the TCPA. See In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, Request of ACA Int'l for Clarification and Declaratory Ruling, 23 FCC Rcd. 559, 564-65 (2008). (clarifying the TCPA's applicability to debt collectors is limited to wireless calls by autodialers that have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator). Here, even though CIRM was not using an autodialer that possessed the capacity to store or produce numbers to be called, even if it did use such equipment, calls to a business and/or residential telephone number by a debt collector are specifically exempted by the TCPA. See also Santino v. NCO Fin. Sys., 2011 U.S. Dist. LEXIS 18185 (W.D.N.Y. Feb. 23, 2011).

### **ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff offers no basis for the discretionary trebling of statutory damages under the TCPA. Statutory damages under the TCPA are $500, not $1,500. See 47 USC §227(b)(3)(statutory damages under the TCPA are $500. However, "if the court finds that the defendant willfully or knowingly violated this subsection … the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times"). Even if the allegations in the complaint were true, which is denied, discretionary trebling of statutory damages by this Court is unwarranted based on the allegations.

**WHEREFORE**, Defendant Creditors Interchange Receivables Management, Inc., respectfully requests that this Answer be deemed good and sufficient, that Plaintiffs' lawsuit be dismissed, with prejudice, at Plaintiffs' cost, and that Plaintiffs be ordered to pay reasonable attorney's fees and costs incurred by CIRM.

Dated: New York, New York
      August 24, 2011

                      MARSHALL, DENNEHEY, WARNER,
                      COLEMAN & GOGGIN

                      By:   /s/_____
                           Jeffrey J. Imeri (JI 3938)
                      Attorneys for Defendant
                      CREDITORS INTERCHANGE
                      RECEIVABLE MANAGEMENT, LLC.
                      140 Broadway, 19th Floor
                      New York, New York 10005
                      (212) 878-1700

TO:
    Adam J. Fishbein, Esq.
    Attorney for Plaintiff
    483 Chestnut Street
    Cedarhurst, New York 11516
    (516) 791-4400